UNITED STATES, on Behalf of LORDS COMMISSIONERS FOR EXECUTING OFFICE OF LORD HIGH ADMIRAL, etc. v. THE JAMES L. RICHARDS.

No. 1231.

United States District Court
D. Massachusetts.

Feb. 8, 1949.

---

[1] 1948 Judicial Code, 28 U.S.C.A. § 1338.

[2] 1948 Judicial Code, 28 U.S.C.A. §§ 1331, 1332.

Atty., and Edward O. Gourdin, Asst. U. S. Atty., both of Boston, Mass., for plaintiff

Seymour P. Edgerton, Charles S. Bolster, and Bingham, Dana & Gould, all of Boston, Mass., for respondent.

WYZANSKI, District Judge.

This is a libel for salvage services rendered on August 30 and 31, 1943 by H.M.R. T. Busy to the S.S. James L. Richards. October 7, 1947 the Lords Commissioners for executing the office of the Lord High Admiral of Great Britain and Northern Ireland on behalf of His Britannic Majesty as owner of the Busy assigned his salvage claim to the United States. October 14, 1947 the officers and crew of the Busy acting through the British Treasury Solicitor authorized the United States Attorney General to act for them in their personal claim. April 12, 1946 the United States District Attorney, acting for both the United States and the United States Attorney General, filed a libel against the James L. Richards, and on the same day this Court issued a warrant and a monition.

Article fifteenth of the answer pointed out that the libel was not brought within two years from August 1943 and alleged that "this action is barred". Claimants then moved to dismiss the libel.

The pertinent statute, Act of August 1, 1912, c. 268, § 4, 37 Stat. 242, 46 U.S.C.A. § 730, provides that

"A suit for the recovery of remuneration for rendering assistance or salvage services shall not be maintainable if brought later than two years from the date when such assistance or salvage was rendered, unless the court in which the suit is brought shall be satisfied that during such period there had not been any reasonable opportunity of arresting the assisted or salved vessel within the jurisdiction of the court or within the territorial waters of the country in which the libelant resides or has his principal place of business."

The claimants introduced an uncontradicted affidavit that from September 15, 1943 until August 26, 1945 the James L. Richards was within the District of Massachusetts fifty-two times and was within the territorial waters of the United States an

See also, 78 F.Supp. 634.

Thomas F. McGovern, Atty., Admiralty Section, Department of Justice, of Washington, D. C., William T. McCarthy, U. S.

additional seventy-nine times. The claimants concede that the vessel was not within the territorial waters of the United Kingdom during the two years following August 31, 1943.

The question presented is a very narrow one of interpreting the cited statute of limitations. For in the light of Guaranty Trust Co. v. United States, 304 U.S. 126, 142, 58 S.Ct. 785, 82 L.Ed. 1224, it is plain that however it be interpreted the statute is applicable to a claim of a foreign sovereign and to the prosecution by the United States of a claim which a foreign sovereign assigned to the United States after the statute had barred that sovereign.

The statute is crystal clear on its face. With a certain exception, it requires that suit shall be brought not later than two years from the date salvage was rendered. The exception would apply to the case at bar if there had been no reasonable opportunity of arresting the salved vessel within Massachusetts *or* within the United Kingdom. There is no plausible basis either in the wording or the policy of the law for the libellant's contention that the exception applies if there was lacking opportunity to arrest the salved vessel in both Massachusetts and the United Kingdom. So far as concerns the wording, the statute uses the correlative "or", not the conjunction "and". So far as concerns the policy, it is enough to say that if the Attorney General's contention were correct, there never would come a time when the bar of the statute could be raised against a Swiss or Czech rescuer.

The construction demanded by the letter and the policy of the Act of August 1, 1912 does not violate the letter or policy of Article 10 of the Assistance and Salvage Convention signed at Brussels September 23, 1910, ratified by the President March 14, 1912. 37 Stat. 1658, 1664, 1672. That Article gives the United States as the forum of this controversy the right to determine the grounds upon whch the two year period of limitation may be suspended; and it permits but does not require the United States to provide for extension of the period where it has not been possible to arrest the salved vessel in the territorial waters of the State in which the plaintiff [or, as here, the assignor] had his domicil or principal place of business.

The libellant invokes § 5 of the Act of August 1, 1912, 37 Stat. 242, 46 U.S.C.A. § 731, which is based on Article 14 of the Brussels Convention. 37 Stat. 1664, 1672. That section is inapposite. It precludes the application of the statute and the convention to a salved vessel which is a ship of war or a governmental ship appropriated exclusively to a public service. It has nothing to do with claims for services rendered to a private ship by a governmental ship.

Suit not having been timely brought, the decree must be

Libel dismissed with costs.